IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| KEITH NOLLIE | § | |
| v. | § | CIVIL ACTION NO. 5:23cv74-RWS-JBB |
| TDCJ-STATE CLASSIFICATION | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Keith Nollie filed this civil action complaining of alleged violations of his constitutional rights. The case was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.  The sole named Defendant is the State Classification Department of the Texas Department of Criminal Justice.

Plaintiff appears to request a transfer away from the Telford Unit of TDCJ and placement in protective custody. Dkt. No. 1 at 4. On August 15, 2023, Plaintiff was ordered to file an amended complaint setting out a short and plain statement of his claim, as required by Fed. R. Civ. P. 8. Dkt. No. 6. Plaintiff received a copy of this order on August 25, 2023, but has not complied. Dkt. No. 7.  While he wrote a letter to the Court on September 8, 2023, this letter says that he is being harassed and assaulted at the Estelle Unit and was sprayed with gas on August 30, 2023. Dkt. No. 8. TDCJ records confirm that Plaintiff is presently housed at the Estelle Unit, in Huntsville, Walker County, Texas.[1] 02081490

A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b).  Such a dismissal may be done *sua sponte* and appellate review is confined to whether the

---

[1] Inmate Search for Keith Nollie, https://inmate.tdcj.texas.gov/InmateSearch/start.action  (Input "02081490" for TDCJ number search field; then click "Search" hyperlink).

district court abused its discretion in dismissing the action. *Id.* (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

Dismissal with prejudice for failure to prosecute or to obey an order of the Court is an extreme sanction which should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the Court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Plaintiff's failure to file an amended complaint is not an action which threatens the judicial process, rendering dismissal with prejudice unwarranted. The imposition of fines and costs is not appropriate given the status and nature of this case.  The incidents complained of were on-going at the time of the filing of the complaint in July of 2023, giving Plaintiff ample time in which to re-file his lawsuit, should he choose to do so, within the two-year limitations period. Any complaints concerning the conditions of confinement at the Estelle Unit should be addressed by the U.S. District Court for the Southern District of Texas, Houston Division, the district and division in which the Estelle Unit is located.  Upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this lawsuit without prejudice.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil rights lawsuit be dismissed without prejudice for failure to prosecute or to obey an order of the Court.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate

Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 19th day of January, 2024.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE